UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:90-cr-194-T-23EAJ

JOSEPH EDWARD WILLIAMS
_____/

**ORDER**

Williams is a career offender under Section 4B1.1 of the United States Sentencing Guidelines (the Guidelines) and serves life as to count three, which was the enhanced statutory mandatory sentence under 21 U.S.C. § 841(b)(1)(A)(iii). Williams moves *pro se* (Doc. 189) under 18 U.S.C. 3582(c)(2) and Amendment 750 to the Guidelines for a "modification or reduction of sentence."

The Fair Sentencing Act of 2010 (FSA) changes the drug quantities that trigger the statutory mandatory minimums in 21 U.S.C. § 841. Amendment 750 to the Guidelines results from the FSA's authorizing the United States Sentencing Commission to amend the Guidelines to conform with the revised statutory penalties.[*]

As explained in the order (Doc. 182) denying Williams' earlier motion under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Guidelines (Doc. 176):

---

[*] Amendment 759 authorizes Amendment 750's retroactive application to certain defendants whose sentences are based on the amount of crack for which they were responsible.

> Williams is a career offender, and his sentence was enhanced pursuant to § 4B1.1 of the Sentencing Guidelines to offense level 37, criminal history VI, range 360 - Life.  Additionally 21 U.S.C. § 841(b)(1)(A) required the imposition of a minimum mandatory Life sentence as to Count Three.  Section 1B1.10(a)(2)(B) provides that a reduction in sentence is "not consistent with this policy statement and therefore is not authorized . . . under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  The pertinent "Application Note" in the "Commentary" accompanying Section1B1.10(a)(2)(B) confirms that Amendment 706 will not lower the defendant's applicable guideline range if the operation of Amendment 706 is superseded by the operation of a statutory minimum mandatory term of imprisonment, which occurs in Williams' circumstance.

Amendment 750 is inapplicable to reduce Williams' sentence for the same reason that Amendment 706 was inapplicable to reduce his sentence.

*Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321 (2012), and *United States v. Rojas*, 685 F.3d 1260 (11th Cir. 2012), hold that the reduced statutory mandatory minimum terms of imprisonment effected by the FSA are retroactively applicable only to an eligible defendant who committed his offense after the enactment of the FSA (August 3, 2010) but who was sentenced before the effective date of the FSA.  Because Williams was sentenced in 1991 to statutory mandatory life, the FSA is not available to reduce his sentence.  The motion to modify or reduce sentence is **DENIED**.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE